# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LISA GREGORY,

                    **Plaintiff,**

-vs-                                **Case No.  6:07-cv-279-Orl-22DAB**

CREATIVE MANAGEMENT GROUP,
INC., and RUSSELL FABER,

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 39)** |
| **FILED:** | **November 7, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether

the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See*

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement

is not one supervised by the Department of Labor, the only other route for compromise of FLSA

claims is provided in the context of suits brought directly by employees against their employer under

section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*  A Settlement Fairness Hearing was held on November 28, 2007 with counsel for both parties attending by telephone.

Based on the pleadings and representations of counsel at the hearing, Plaintiff was employed by Defendants as an account coordinator.  Doc. No. 15. The extent of Plaintiff's status under an exemption for administrative, professional, and executive employees, and whether she worked any overtime hours was much disputed by both sides, with Plaintiff initially seeking approximately $13,400 for alleged overtime worked and unpaid wages.  Doc. No. 15.  Defendants asserted a counterclaim against Plaintiff for misappropriated funds in using its corporate account for her own personal purposes without its authorization.  Doc. No. 25.  Defendants also sought a set-off for eight days of unearned vacation time and three days of unearned sick time for which Plaintiff was paid, and ten days of severance pay to which she was not entitled.  Doc. No. 21.  Plaintiff's counsel represented at the hearing that, once Defendants produced their discovery regarding Plaintiff's hours, her maximum wage claim was $4,500 (plus $4,500 in liquidated damages), for a total of $9,000 valuation

-2-

of her revised claim.  Plaintiff had re-located to North Carolina since the time her claim was filed, which increased her interest in having the matter settled.  Although the settlement to Plaintiff of $1,000 in unpaid wages and liquidated damages represents only 11% of the revised valuation, given Plaintiff's changed circumstances and the release of Defendants' counterclaim against her, the settlement is a fair and reasonable one.

The parties have agreed that Defendant will pay Plaintiff's attorneys $1,000 in attorney's fees and $500 for costs.  Plaintiff's counsel represented at the hearing that, although he initially believed the costs to be $500, upon further review, the costs totaled approximately $1,500; thus, his fees will not be reimbursed.

Settlement in the amount of $1,000 to Plaintiff for unpaid wages and liquidated damages, and $1,500 for costs is a fair and reasonable settlement.  It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 28, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy